UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

F I L E D

AUG -9 2013

CLERK, U.S DISTRICT COURT
ALEXANDRIA, VIRGINIA

METROPOLITAN WASHINGTON )
AIRPORTS AUTHORITY )
)
Plaintiff, )
)
v. ) Civil Action No.: 1:13-cv-00667-LO-TCB
)
ABID MUNIR BUTT, et al. )
)
Defendants. )
)

## STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL

THIS CAUSE is before the Court upon the filing of a Joint Motion for Entry of Stipulated Permanent Injunction and Order of Dismissal. Plaintiff, Metropolitan Washington Airports Authority ("MWAA") commenced this action by filing a Complaint for Permanent Injunction and Other Relief in this matter against Defendants Abid Munir Butt and Airport Washington Flyer, LLC (collectively referred to as "Defendants"). MWAA and Defendants have entered into an agreement settling their dispute and agreeing to the entry of this Stipulated Permanent Injunction and Order of Dismissal ("Order") resolving all matters of dispute between them in this action. MWAA and Defendants have consented to entry of this Order without trial or adjudication of any issue of fact or law, and without Defendants admitting liability or wrongdoing for the offenses alleged in the Complaint.

NOW, THEREFORE, the Parties having requested this Court to enter this Order, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The term "WASHINGTON FLYER Marks" shall refer to MWAA's registration certificates for its WASHINGTON FLYER (& Design) mark (U.S. Reg. No. 1,357,214) (the "214 Mark") issued in 1985 and WASHINGTON FLYER mark (U.S. Reg. No. 4,066,324) issued in 2011.

2. This is an action instituted by MWAA for (a) service mark infringement in violation of 15 U.S.C. § 1114; (b) dilution in violation of 15 U.S.C. § 1125(c); (c) unfair competition, false advertising and false designation of origin in violation of 15 U.S.C. § 1125(a); and (d) unfair competition and false designation of origin in violation of Virginia Trademark and Service Mark Act, Code of Virginia § 59.1-92.1, et seq. relating to Defendants' unauthorized use of the WASHINGTON FLYER Marks.

3. This Court has jurisdiction over the subject matter at issue and the parties in this action.

4. Venue is proper in this District as to all parties.

5. The WASHINGTON FLYER Marks are valid and distinctive, and are owned by MWAA.

6. Entry of a permanent injunction will achieve the purposes of the Lanham Act and federal common law related to trademark infringement.

7. Entry of a permanent injunction is in the public interest.

### INJUNCTIVE RELIEF

8. **Permanent Injunction.** Defendants, along with their directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are **PERMANENTLY ENJOINED** and restrained from:

   a. Using, imitating, copying, duplicating or otherwise commercially exploiting the WASHINGTON FLYER Marks or any mark confusingly similar to the MWAA's WASHINGTON FLYER Marks;

   b. Operating any websites employing a domain name or containing content or metadata that is the same as or confusingly similar to the WASHINGTON FLYER Marks;

   c. Operating and/or owning any business entity that employs a name the same as or confusingly similar to the WASHINGTON FLYER Marks;

   d. Engaging in any course of conduct with respect to the WASHINGTON FLYER Marks that is likely to mislead the public into believing that Defendants are affiliated with or otherwise connected to MWAA;

   e. Engaging in any course of conduct with respect to the WASHINGTON FLYER Marks that is likely to mislead the public into believing that the services offered by Defendants are sponsored, authorized or otherwise approved by MWAA; or

   f. Engaging in any other activity constituting infringement with either or both of the WASHINGTON FLYER Marks.

9. **Future Claims Unaffected.** Nothing in this Order precludes MWAA from asserting any claims or rights that arise solely after entry of this Order or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Defendants in this Order or the settlement agreement reached by the Parties.

10. **Non-Appealability.** This Order is final and may not be appealed by either party.

11. **Fed. R. Civ. P. 65.** This Order applies to and binds all parties who are in active concert or participation with Defendants as provided in Fed. R. Civ. P. 65(d). Defendants waive any objection under Fed. R. Civ. P. 65.

12. **Survival.** This Order shall bind Defendants and their corporate affiliates, successors, assignees, officers, directors, employees, agents, servants, representatives, and shareholders.

13. **Dismissal.** MWAA's claims against Defendants are hereby dismissed with prejudice, except the Court shall retain jurisdiction to enforce this Order and the settlement agreement between the Parties.

STIPULATED AND CONSENTED TO THIS 1st day of August, 2013.

BEAN, KINNEY & KORMAN, P.C.

/s/ Timothy R. Hughes
_____
Timothy R. Hughes, VSB 33398
Rachelle E. Hill, VSB 74996
*Bean, Kinney & Korman, P.C.*
2300 Wilson Boulevard, Seventh Floor
Arlington, VA 22201
(703) 525-4000 (phone)
(703) 525-2207 (fax)
*Counsel for Plaintiff Metropolitan Washington Airports Authority*

[signature]

ABID MUNIR BUTT
*Pro se*

[signature]

AIRPORT WASHINGTON FLYER, LLC
*Pro se*

By: *ABID MUNIR BUTT*
Title: *MANAGING MEMBER, DEFENDANT.*

**SO ORDERED** this 9th day of August, 2013.

/s/ [signature]
Liam O'Grady
United States District Judge
UNITED STATES DISTRICT COURT JUDGE